

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

*IN RE:* THE MATTER OF THE A 1986
33' TROJAN BEARING HULL IDENTIFICATION
NUMBER TRJFH0091586, AND HER OWNER,
E. VACHEL PENNEBAKER, PRAYING FOR
EXONERATION FROM AND/OR
LIMITATION OF LIABILITY

Case No.: 99-307-CIV-FTM-24

_____/

## COMPLAINT FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

Petitioner, E. Vachel Pennebaker ("Pennebaker"), as the owner of a 1986 33' Trojan bearing

the Hull Identification Number TRJFH0091586 (hereinafter referred to as the "Subject Vessel"), in

a cause of exoneration from or limitation of liability, alleges as follows:

1.      This is an admiralty and maritime claim within the meaning of the Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is proper pursuant to the admiralty and maritime

jurisdiction of the United District Court pursuant to 28 U.S.C. § 1333.

2.      Petitioner, Pennebaker, is an individual and the registered owner of the Subject

Vessel.  The Subject Vessel is duly registered pursuant to the laws of the State of Florida.

3.      Further, Pennebaker is the sole owner and operator of said vessel and is the only

person entitled to bring this action.

4.      Upon information and belief, at all material times the Subject Vessel was in all

respects tight, strong, staunch, supplied, equipped and seaworthy for the service in which it was

engaged.

5.      On April 6, 1999, the Subject Vessel was moored at her berth at 3430 Gulfshore

Boulevard, Naples, Florida which is also known as the "Madrid Club" when that vessel was involved

in a marine incident.  On April 6, 1999, the Subject Vessel exploded at the above referenced location.

6.      Upon information and belief, claims may be made for property damage sustained by vessels located near the explosion and a nearby condominium unit.

7.      Representatives of vessel owners and condominium unit owners have made written demand for damages as a result of this incident on April 21, 1999, April 23, 1999 and May 10, 1999.

8.      Petitioner, Pennebaker, denies that he is liable to anyone for the above described incident.  Furthermore, the incident described above which occurred on April 6, 1999, and ending all damages allegedly resulting from that incident were not in any way caused nor contributed to by any fault or negligence on the part of Pennebaker.

9.      Moreover, said accident was caused without the privity or knowledge of Vachel Pennebaker.  In fact, Pennebaker was not in the State of Florida at the time of the incident.

10.     There are presently no known law suits pending against Pennebaker or against the Subject Vessel arising out of the incident described in this Complaint.

11.     Pennebaker avers that the amount of the potential claim as referred to in this Complaint, will exceed the amount of value in the Subject Vessel immediately after the incident of April 6, 1999.

12.     Petitioner reasonably believes that the Subject Vessel presently has a fair market value of approximately $250.00 and there was no freight pending.

13.     Petitioner, Pennebaker, claims that he is entitled to exoneration from liability for all losses, injuries, or damages allegedly incurred by or arising out of the incident as described in paragraph five (5) of this Complaint and alleges that he has valid defenses to any and all such claims. In the alternative, and without admitting liability, Petitioner, Pennebaker, claims that he is entitled

2

to the benefit of limitation of liability as provided by 46 U.S.C. §§ 181, *et al.* Particularly, § 183 and §185 as provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims in the Federal Rules of Civil Procedure.

14.     Pennebaker hereby offers its *ad interim* stipulation for value and a cash bond in the amount of $245.00 [handwritten: 265.00] covering the value of the Petitioner's interest in the Subject Vessel, together with interest at the rate of six percent (6%) per annum, from the date of the *ad interim* stipulation and for costs.

15.     Pennebaker is willing to increase the value of his *ad interim* stipulation for the value with a sufficient cash bond, in a said amount as the Court may from time to time require or order, and will pay into the Court the amount or value of the Petitioner's interest in said vessel and/or as found by the Court, or will file in this proceeding an additional stipulation for value in the usual form with a sufficient cash bond in such amount as the Court may direct from time to time, together with interest at the rate of six percent (6%) per annum from date plus cost of Court.  In the event a payment is posted or an additional stipulation for value is filed, then any previously posted *ad interim* stipulation for value should be considered void.

WHEREFORE, Petitioner, Pennebaker, prays:

1.     That the Court cause a due appraisement to be made of the amount or value of the Petitioner's interest in the Subject Vessel if the *ad interim* stipulation for value is contested by any claimant;

2.     That the Court issue an Order directing the Petitioner to file an *ad interim* stipulation for value of a cash bond for the payment into the Court of the value of the Petitioner's interest in the Subject Vessel following the incident, with interest at the rate of six percent (6%) per annum and cost of Court;

3

3.      That the Court enter an Order directing issuance of a notice to all persons claiming damage for any and all losses, damages, destructions, deaths or injuries, resulting from the above described incident of April 6, 1999, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims upon the attorney for the Petitioner, on or before the date fixed by the Court in the Notice, or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of the respective claims before this Court, and also to appear and answer the allegations of this Complaint according to the law and the rules of practice of this Court on or before a certain time to be fixed by the Notice;

4.      That the Court shall issue an injunction staying the prosecution of all suits and proceedings against the Petitioner begun to recover for damages allegedly arising out of or resulting from the incident described above, and from this time forward restraining commencement or prosecution of any suit, action or legal proceeding of any nature or description whatsoever against Petitioner or the Subject Vessel with respect to any claim arising out of the incident or voyage except any present proceedings; that the Court enter judgment that the Petitioner is not liable for any losses, damages, deaths, injuries, destruction, or for any other claim whatsoever arising out of the incident on April 6, 1999, and that accordingly, the Petitioner be exonerated from any and all liability which has been or may be claimed against them as a result of this incident; or in the alternative, that if such liability is found to exist, then the Petitioner's liability be limited to the amount of the value of the Petitioner's interest in the Subject Vessel immediately after the incident of April 6, 1999, and that the money or security paid be divided pro rata among any such claimants as may duly prove their claims before the Court, say then to all parties any priorities they may be legally entitled to, and that a judgement and decree be entered discharging the Petitioner and the Subject Vessel from any and all further liability; and

4

5.      That the Petitioner has such other relief, both equitable and general, to which it may

show that it is justly entitled and that this Court deems just and proper.

DATED: June, ___9TH___, 1999.

Respectfully Submitted,

ANTHONY JOHN CUVA
Florida Bar No.: 896251
AKERMAN, SENTERFITT & EIDSON, P.A.
First Union Building, Suite 1500
100 South Ashley Drive
Post Office Box 3273
Tampa, Florida 33601-3273
Phone: (813) 223-7333
Fax: (813) 233-2837
Attorney for Petitioner, E. Vachel Pennebaker and the
Subject Vessel Designated Trial Counsel pursuant to
Local Rule 1.05(c)

W:\ATTY\AJC\PENDING\ROYAL\PENNEBAKER\complaint.wpd

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

*IN RE:* THE MATTER OF THE 1986
33' TROJAN BEARING HULL IDENTIFICATION
NUMBER TRJFH0091586, AND HER OWNER,
E. VACHEL PENNEBAKER, PRAYING
FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY

Case No.:

**VERIFICATION**

STATE OF ILLINOIS _____

COUNTY OF __Cook_____

    Before me, the undersigned authority and Notary Public, duly commissioned and

qualified within the State of Illinois, County of ___Cook_____, personally came and

appeared E. Vachel Pennebaker who after being duly sworn that he has read the foregoing

Complaint and all of the allegations set forth therein are true and correct to the best of his

knowledge, information, and belief, and after making reasonable inquiry.

```
"OFFICIAL SEAL"
Laurie Van Bogaert
Notary Public, State of Illinois
My Commission Expires 06/11/2000
```

Notary Public

W:\ATTY\AJC\PENDING\ROYAL\PENNEBAKER\verification.wpd